UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Daniel Boyle, AUSA
Alexander Su, AUSA

Attorneys Present for Defendants:
Matthew Dill
Geoffrey Long
Ronald Richards
Daniel Levin
Ashley Smith
Stephen Cook

**Proceedings:** MOTION FOR LEAVE TO FILE AMENDED CLAIM (Dkt. 140, filed on MAY 5, 2023 in lead case no. 2:20cv06314)

MOTION TO STRIKE CLAIMS OF CLAIMANT KHALED AL-SABAH (Dkt. 94, filed on February 6, 2023 in lead case no. 2:20cv06314)

## I. INTRODUCTION

On July 16, 2020, plaintiff United States initiated this forfeiture action by filing a complaint for forfeiture naming as the defendant asset all right and title to real property located in Los Angeles, California, known as the Wilshire 402 Property. Dkt. 1. Around this time, plaintiff United States filed five separate forfeiture actions against other defendant assets, including real properties located in Los Angeles, California, known as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

the Penthouse Property, the Alta Property, the Marilyn Property, and the Summit Property, as well as a British Aerospace jet, an Azimut yacht, an investment portfolio, a Lamborghini sports car, and sports memorabilia of boxer Manny Pacquiao.[1]  In late February 2021, plaintiff United States additionally filed two complaints for forfeiture against certain bank funds and a real property located in Los Angeles, California, known as the Bedford Property.[2]  On March 21, 2022, the Court issued an order consolidating the forfeiture actions pursuant to Federal Rule of Civil Procedure 42.  Dkt. 54.  On May 9, 2022, plaintiff United States filed a Consolidated Master Complaint for forfeiture (the "CMC") against the defendant assets named in the individual actions (collectively, the "defendant assets").  Dkt. 55.

On July 21, 2022, Khaled J. Al-Sabah ("claimant Al-Sabah" and "claimant"), acting individually and as a trustee of the Awal Trust, filed a claim to each defendant asset.  Dkt. 63.  Al-Sabah is the grantor and trustee of the Awal Trust, and the Awal Trust's beneficiaries are his five children and his wife.  Dkt. 94 at 21 n.7.  On July 27, 2022, claimant Al-Sabah filed an answer to the CMC.  Dkt. 72.  Claims to the defendant assets were also filed by Victor Franco Noval and several entities controlled by Noval and his father Victorino Noval, (collectively, the "Noval claimants").  See dkts. 64-67, 70.

---

[1] The operative complaints naming real property defendant assets are found at Case Numbers 2:20-CV-6316 (Dkt. 1), 2:20-CV6318 (Dkt. 9), 2:20-CV-6319 (Dkt. 1), and 2:20-CV-6320 (Dkt. 1), respectively. The jet, yacht, investment portfolio, sports car, and sports memorabilia are named as defendants in Case Number 2:20-CV-6321 (Dkt. 1).
[2] The operative complaints naming these defendant assets are found at Case Numbers 2:21-CV-1829 (Dkt. 16) and 2:21-CV-1832 (Dkt. 15), respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                                 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

On February 6, 2023, plaintiff filed a motion to strike claimant Al-Sabah's claim to the defendant assets, arguing that he lacks standing to contest forfeiture. Dkt. 94. In addition to other arguments, plaintiff contended that Al-Sabah's claim should be stricken because it was brought in his personal capacity and, according to plaintiff, Al-Sabah does not have a personal interest in the defendant assets. Id. On March 13, 2023, claimant Al-Sabah filed an opposition to plaintiff's motion to strike. Dkt. 109. In his opposition, Al-Sabah asserted that his claim is brought on behalf of the former Amir of Kuwait, the head of the Kuwaiti royal family. Id. On March 20, 2023, plaintiff filed a reply in support of its motion. Dkt. 110.

On March 24, 2023, following the filing of plaintiff's reply, plaintiff and the government of the state of Kuwait (the "State of Kuwait") filed a stipulation requesting that the State of Kuwait be granted leave to file a claim contesting forfeiture, despite the deadline having passed. Dkt. 112. In the stipulation, the State of Kuwait indicated that it intended to file a response to claimant Al-Sabah's motion. Id. ¶ 10. That same day, the Court granted the relief requested in the stipulation, and, on March 27, 2023, the State of Kuwait filed a claim to the defendant assets. Dkts. 113, 114. On April 7, 2023, claimant Al-Sabah filed a statement of response to the State of Kuwait's claim. Dkt. 121. Later that same day, the State of Kuwait filed a response in support of plaintiff's motion to strike. Dkt. 122.

On April 10, 2023, the Court held a hearing on plaintiff's motion to strike. On April 17, 2023, following the hearing, the Court issued an order on plaintiff's motion to strike, reserving judgment and requesting that plaintiff and claimant Al-Sabah file supplemental briefs on claimant Al-Sabah's interest in funds in a bank account in the name of his wife. Dkt. 131. On May 1, 2023, plaintiff and claimant Al-Sabah both filed supplemental briefs. Dkts. 137, 138. Claimant Al-Sabah's brief asserts that he has always had an interest in the funds in his wife's account under Kuwaiti law and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

additionally states that, in any event, his wife has assigned her claims to the defendant assets to him. Dkt. 138. In support of his assignment theory, claimant Al-Sabah attached to his supplemental brief an assignment of claims signed by his wife and dated April 29, 2023. Dkt. 138-1.

On May 5, 2023, before the Court issued a decision on plaintiff's motion to strike, claimant Al-Sabah filed a motion for leave to file an amended claim.[3] Dkt. 140. On May 15, 2023, plaintiff filed an opposition to claimant Al-Sabah's motion. Dkt. 145. On May 22, 2023, claimant Al-Sabah filed a reply in support of his motion. Dkt. 147.

On June 5, 2023, the Court held a hearing on claimant's motion. Claimant Al-Sabah's motion for leave to file an amended claim is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The parties are familiar with the allegations in the CMC. Accordingly, the Court summarizes here only those facts relevant to this motion.

### A.   The Kuwaiti Ministry of Defense and the AUB MAO Accounts

Kuwait's Ministry of Defense ("MOD"), which is responsible for implementing the government of Kuwait's defense policy and managing its defense budget, is directed

---

[3] The parties have filed numerous other notices of evidence and objections relating to plaintiff's motion to strike since the Court's April 17, 2023 order. See dkts. 139, 141, 142, 143, 144, 146. For the reasons set forth below, the motion to strike is deemed moot, and, therefore, the Court will not address these additional filings at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

by the Kuwaiti Minister of Defense. CMC ¶¶ 23, 25. Claimant Al-Sabah served as Minister of Defense of Kuwait from 2013 to 2017. Id. ¶ 6. From 2012 to 2013, he served as the Chief of General Staff of the Kuwaiti Armed Forces. Id. And prior to March 2012, he served as Lieutenant General in the Kuwaiti Armed Forces. Id.

MOD's Financial Affairs Department ("MODFAD") manages the MOD's budget and financial affairs. Id. ¶ 24. The MOD maintains a military liaison office in the United Kingdom, known as the Military Attaches Office in London ("MAO"). Id. ¶ 26. MAO is responsible for administering official Kuwaiti bank accounts in London in the name of MOD or MAO, overseen by MODFAD. Id. ¶ 27. MAO held numerous such bank accounts at Ahli United Bank in London ("AUB"), (the "AUB MAO Accounts"), which were generally funded by MOD through large deposits. Id. ¶¶ 35, 36. In or about 2010, Kuwait, through MOD, held hundreds of millions of dollars on deposit at AUB. Id. ¶ 40.

### B.   Scheme to Embezzle Funds from AUB MAO Accounts

The CMC alleges that, beginning in or about 2010 and continuing thereafter, numerous Kuwaiti officials (the "MOD Conspirators"), including claimant Al-Sabah, schemed to embezzle funds from MOD through certain of the AUB MAO Accounts, for their own personal use and gain. Id. ¶ 41. In order to avoid detection from MODFAD and the Kuwaiti Ministry of Finance ("MOF"), the MOD Conspirators surreptitiously transferred funds from the AUB MAO Accounts, which were subject to oversight, into new accounts at AUB, which only the MOD Conspirators had access to (the "MAO-MOD Accounts"). Id. ¶ 46. For the relevant period alleged in the CMC, the authorized signatory on the MAO-MOD Accounts was Kuwaiti Undersecretary of Defense Jassar Al-Jassar. Dkt. 94 at Clark Decl., Ex. 1. Beginning in 2012, the Head of the MAO, Fahd Al-Baz, was added as a signatory on certain of the MAO-MOD Accounts. Id. at Clark Decl., Exhs. 1-2. In order to avoid detection, the MOD Conspirators imposed new and


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

highly secretive procedures for the MAO-MOD Accounts, purportedly for reasons related to national security. CMC ¶ 47.

None of the MAO-MOD Accounts were reported to or registered with MOF or MODFAD, and none were properly recorded in MAO's books and records. Id. ¶ 49-50. These accounts were funded in part by transfers from Kuwaiti governmental accounts at another bank, National Bank of Kuwait ("NBK"). Id. ¶ 51. The transfers from NBK were not entered into MAO books and records and were not disclosed to or approved of by MOF or MODFAD. Id. ¶ 55. The MAO-MOD Accounts were also funded through the liquidation and transfer of fixed deposits in the AUB MAO Accounts. Id. ¶ 51. These liquidations and transfers were not entered into MAO books and records and were not disclosed to or approved of by MOF or MODFAD. Id. ¶ 58.

According to the CMC, in order to avoid detection by AUB, which implemented anti-money laundering policies and programs to prevent unlawful or otherwise improper transfers, the MOD Conspirators repeatedly misled AUB bankers as to the purposes of transfers of funds from the MAO-MOD Accounts. Id. ¶¶ 60-63. Specifically, the MOD Conspirators falsely represented that transfers of millions of dollars from the MAO-MOD accounts were for official MOD purposes. Id. ¶ 63. In reality, as is relevant to this motion, funds in the amount of $104,380,000 were transferred from the MAO-MOD Accounts to bank accounts in California pursuant to various agreements between claimant Al-Sabah, acting in his personal capacity, and the Noval claimants. Id. ¶¶ 49, 50, 70, 71. None of the transfers were reported to MOF or MODFAD or were recorded in the MAO's books and records. Id. ¶¶ 71-72. All of the accounts to which the funds were transferred were in the name of California entities connected to or controlled by the Noval claimants. Id. ¶¶ 9-16. Ultimately, U.S. law enforcement traced the funds from the MAO-MOD accounts to the defendant assets, which comprise multiple real

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

properties, bank funds, an investment portfolio, a private jet, a yacht, a luxury sports car, and sports memorabilia. Id. ¶ 5.

**C.    California State Court Litigation**

In November 2019, claimant Al-Sabah filed an action in Los Angeles County Superior Court against the Noval claimants, bringing numerous claims, including for fraud and breach of fiduciary duty. Dkt. 109 at 6-7. According to claimant Al-Sabah, he agreed to provide the funds from the MAO-MOD accounts to Victorino Noval as part of an investment agreement, and Victorino Noval falsely represented the funds would be used solely for investment in a plot of luxury real estate in Beverly Hills known as "The Mountain." Id. at 5. Al-Sabah states that these representations were false because the Noval claimants used the funds for other purposes, including paying off a loan encumbering another property. Id. at 5-6. Additionally, Al-Sabah states that Victorino Noval failed to inform claimant that he was a convicted felon and owed court-ordered restitution in the amount of $25,358,494. Id. at 5. Al-Sabah maintains that he entered into the partnership agreement with Victorino Noval because he "concluded the venture would be a good use of the money, a decision Al-Sabah confirmed with the Amir [of Kuwait]." Id. The state court action is stayed pending resolution of this forfeiture action.

### III.    LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of March 3, 2023, for amending pleadings. Dkt. 90. Therefore, claimant must demonstrate "good cause" for amendment under Rule 16, then if "good cause" is shown, claimant must demonstrate that amendment is proper under Rule 15(a).

#### A.   Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

#### B.   Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## IV. DISCUSSION

The verified amended claim ("VAC") that claimant seeks to file states that the claim is brought "on behalf of his wife, Anwar M. Al-Jabar Al-Sabah; the former Amir of Kuwait, His Highness Sabah Al-Ahmad Al-Jaber Al-Sabah (now deceased) ("[f]ormer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

Amir"); and the House of Al-Sabah," as well as in claimant's individual capacity and as a trustee of the Awal Trust. Dkt. 140-1 at 1. The operative claim, by contrast, is only brought in claimant's individual capacity and as a trustee of the Awal Trust. Thus, the VAC diverges from the operative claim in that it purports to be brought, in part, pursuant to an agency and/or bailee theory on behalf of others who are non-parties in this forfeiture action.

The VAC additionally asserts that claimant "had, and currently has, legally protectable property interests, including ownership and possession interests, in funds of the former Amir and the House of Al-Sabah—the Kuwaiti royal family of which Al-Sabah is a member." Id. at 4. According to the VAC, the former Amir granted claimant authority over those funds. Id. Regarding funds in a bank account belonging to his wife, claimant asserts that he has ownership and possession interests in those funds. Id. at 5. The VAC states that claimant transferred the funds allegedly belonging to the former Amir and the funds from his wife's bank account to the Noval claimants, who "used the funds to acquire, improve, or invest in the [d]efendant [a]ssets, over which [claimant] has a constructive trust or equitable lien." Id. at 4, 5. Finally, the VAC states that claimant's wife has assigned to claimant all of her interest in and ownership of claims related to the funds in her bank account. Id. at 5.

Claimant contends that there is good cause for him to amend his claim under Rule 16(b)(4) because he seeks leave to add details to his operative complaint that "conform to the evidence and the arguments he has already made." Dkt. 140 at 5. Claimant asserts that the VAC is consistent with the theories in the operative claim and the position claimant has taken in his filings on the motion to strike. Id. The additional details in the VAC, claimant contends, are necessary to respond to recent developments in the case, including the filing of a claim by the State of Kuwait and its other submissions, which assert that certain funds claimant transferred to the Noval claimants belonged to the State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

of Kuwait and not the royal family. Id. at 6-7. He argues that he acted with diligence in adding the responsive details, given that these developments occurred just weeks before he moved to file the VAC. Id. at 7. Additionally, claimant points out that the Court found good cause to allow the State of Kuwait to file a late claim in April 2023, when the deadline to file an initial claim had expired years ago. Id. at 6.

As for Rule 15(a), claimant contends that he has satisfied the liberal standards for granting leave to amend because he is not acting in bad faith but rather is simply adding details on his interests to conform to the evidence and his position in the case, in response to recent developments. Id. at 8. Amendment would not prejudice plaintiff, claimant argues, because plaintiff recently stipulated to allow the State of Kuwait to file an entirely new claim and because the VAC would not substantially change the scope of the action. Id. at 9.

In its opposition, plaintiff does not appear to challenge claimant's assertion of good cause. In response to claimant's argument under Rule 15(a), plaintiff contends that claimant's request is futile, unduly prejudicial, and made in bad faith. Dkt. 145 at 5. Specifically, plaintiff states that the Court's April 17, 2023 order "unequivocally held that [c]laimant cannot litigate this case on a theory that he stands in the shoes of the current or former Amir of Kuwait." Id. at 5. Thus, plaintiff contends, amendment of the claim to assert a claim on behalf of the Amir or the royal family would be futile. Id. at 5-6. Plaintiff further argues that claimant has no good explanation for the delay and the appearance of the State of Kuwait should not change plaintiff's theory of standing. Id. at 7. It characterizes claimant's motion as a bad faith attempt to offer a new theory when it has become clear that the theory in his operative claim is insufficient. Id. at 11.

Plaintiff additionally cites concerns of prejudice and undue delay purportedly implicated by amendment of the claim. According to plaintiff, allowing claimant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

amend his claim would "significantly burden the government by expanding the scope of discovery" to include facts related to the former Amir, the royal family, and claimant's wife. Id. at 9. Plaintiff contends that this would be unduly burdensome because it would entail collecting evidence from foreign non-parties, including officials, who could invoke privileges or sovereign immunity and/or require plaintiff to apply the Hague Evidence Convention. Id. According to plaintiff, claimant has produced limited discovery thus far and allowing amendment of his claim would only further delay discovery. Id. at 10.

Finally, plaintiff contends that the VAC's attempt to include claims purportedly assigned to claimant by his wife is untimely. Id. at 12. Plaintiff points out that, under Supplemental Rule G(a), any claims to the defendant assets should have been filed within at most sixty days of notice and that claimant's wife failed to file a claim within this timeline. Id. Thus, plaintiff contends, this claim is untimely and assigning it to claimant does not bring it within the timeline set forth in Supplemental Rule G(a). Id.

In response, claimant contends that plaintiff's position mischaracterizes the VAC, which, rather than presenting new and/or contradictory theories, simply conforms to the theories and proof presented by claimant in this action. Dkt. 147 at 2-3. Claimant further argues that the involvement of the Former Amir, the royal family, and claimant's wife in this action is not new, and their relationship to the defendant assets is relevant to the forfeiture regardless of whether claimant amends his claim. Id. at 4. Accordingly, the VAC would not materially enlarge the scope of discovery. Id. And, in any event, claimant argues, additional discovery is not sufficient to show prejudice under Rule 15(a). Id. at 5. Claimant additionally contests plaintiff's characterization of the amendment as a delay tactic, arguing that there is no reason why delay would be advantageous for claimant here. Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

Having carefully considered the parties' arguments, the Court concludes that granting leave to amend is appropriate. There is good cause under Rule 16(b)(4) to allow claimant to amend his claim because he acted diligently in seeking leave to amend. See Johnson, 975 F.2d at 609. Claimant's request is made in response to the State of Kuwait's filing of its claim and presentation of argument and evidence challenging claimant's operative claim, as well as plaintiff's most recent arguments on the motion to strike, all of which occurred only weeks prior to claimant's filing of the present motion. Because the State of Kuwait did not file its claim until after expiration of the March 2023 deadline for filing amended pleadings, claimant has provided a sufficient explanation for his failure to comply with the scheduling order. In amending his claim, claimant only seeks to conform the pleadings to the arguments and proof he has presented in response to arguments made by the State of Kuwait and plaintiff, including his contention that his claims are brought on behalf of the former Amir, the royal family, and his wife. See dkts. 109, 121, 138, 139, 143. In light of claimant's diligence and plaintiff's non-opposition to claimant's argument under Rule 16(b)(4), the Court concludes that claimant has satisfied the good cause standard. See Reitman v. Champion Petfoods USA, Inc., 2019 WL 3035060, at *3 (C.D. Cal. May 23, 2019) (finding good cause to amend scheduling order where plaintiff sought leave to conform pleadings to evidence within a reasonable amount of time).

Claimant has additionally satisfied the standards under Rule 15(a), as plaintiff has failed to show prejudice, futility, or bad faith so as to justify a denial of claimant's request. With respect to prejudice, the Court agrees with claimant that the former Amir, the royal family, and claimant's wife are relevant to this forfeiture action regardless of whether claimant is permitted to file the VAC. Not only has claimant previously justified his standing based on the contention that he was authorized by the Amir to transfer funds, but the question of whether he was so authorized goes to the merits of the forfeiture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

action. Discovery on the relationship between the former Amir (the head of the royal family), claimant, and the funds at issue has thus always been germane to plaintiff's case. Likewise, claimant has consistently maintained that he has an interest in the defendant assets traceable to funds belonging to his wife. See, e.g., Dkt. 94, Boyle Decl., Exh. 8. Accordingly, while discovery relating to these foreign non-parties may pose challenges, any such challenges are not a result of claimant's proposed amendment. Moreover, as claimant contends, further discovery is, by itself, insufficient to demonstrate prejudice justifying a denial of leave to amend under Rule 15(a). In re Cir. Breaker Litig., 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading.").

Additionally, plaintiff has failed to show that amendment would be futile. Contrary to plaintiff's argument, the Court's April 17, 2023 order did not find that claimant cannot bring claims on behalf of other parties but rather concluded that stating that he was bringing the action on behalf of the former Amir or the royal family was insufficient to show that he had standing to contest forfeiture in his individual capacity. See dkt. 131 at 13 ("Claimant's various assertions that he was authorized to transfer the MOD funds on behalf of their owner . . . do not establish that claimant would own or have the funds in his personal capacity but for the fraud because any such authorization would not confer on claimant a personal interest in the defendant assets."). This does not mean that claimant cannot bring claims on behalf of others based on the purported authorization pursuant to an agency and/or bailee theory. Indeed, Supplemental Rule G(5)(a)(iii) allows a claimant to file a claim as a bailee on behalf of a bailor by identifying the bailor and setting forth his authority to file on the bailor's behalf. See Supp. R. G(5)(a)(iii). The Court's conclusion that claimant could not rely on an agency theory of standing to bring a claim in his individual capacity does not preclude him from bringing a claim as a bailee. Nor does the Court's conclusion in the April 17, 2023 order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

mean that he cannot establish standing in his individual capacity if he sets forth sufficient facts to demonstrate a personal interest.[4]

    Plaintiff is free to file a motion to strike claimant's claims, challenging his standing in any or all of the capacities in which his claim is brought. But plaintiff's arguments as to claimant's standing under the VAC, which are better suited for a renewed motion to strike, do not warrant denial of the present motion. See <u>SAES Getters S.p.A. v. Aeronex, Inc.</u>, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2003) (explaining that substantive challenges to proposed amendments "are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend").

    Furthermore, it does not appear to the Court that claimant is acting in bad faith. As described above, he is not advancing contradictory theories and simply seeks to amend his claims to conform to proof. And, contrary to plaintiff's argument, the Court sees no reason why delaying the case would be advantageous to claimant, who evidently views

---

[4] At oral argument, counsel for plaintiff conceded that a bailee theory was not precluded by the Court's April 17, 2023 order but argued that, in light of the Court's findings, claimant cannot proceed under an agency theory. The Court is not persuaded that claimant should be precluded from asserting an agency theory at this time. The April 17, 2023 order was an interlocutory order based on the facts and arguments before the Court at that time, and the Court does not construe its findings as barring an agency theory of standing under all factual scenarios. Importantly, the Court specifically took issue with claimant's assertion that his purported status as an agent of the former Amir conferred standing to contest forfeiture in his individual capacity—not standing to contest forfeiture on behalf of the former Amir. While the Court expresses no view at this time regarding claimant's standing to bring the VAC, it finds the agency question better suited for determination on a renewed motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20cv06314-CAS (KSx); 2:20cv06316-CAS(KSx); 2:21cv01832-CAS(KSx); 2:20cv06318-CAS(KSx); 2:20cv06319-CAS(KSx); 2:20cv06320-CAS(KSx); 2:20cv06321-CAS(KSx); AND 2:21cv01829-CAS(KSx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA; UNITED STATES OF AMERICA V. REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA; UNITED STATES OF AMERICA V. ONE BRITISH AEROSPACE BAE125 SERIES 800A AIRCRAFT BEARING REGISTRATION NUMBER N716BB; ET AL.; AND UNITED STATES OF AMERICA V. $762,201.48 SEIZED FROM US BANK ACCT NO. 8773; ET AL. | | |

the resolution of this case as his primary avenue for obtaining the defendant assets. Importantly, the Court found good cause to allow the State of Kuwait to file an initial claim years after the deadline to do so expired, and plaintiff stipulated to allow as much. Under these circumstances, it would be unfair and unreasonable to deny claimant's request to merely amend his claim so that it conforms to the arguments he has already made on the ground that doing so would give rise to new issues and create delay. And, for these same reasons, to the extent that claims in the VAC are untimely, the Court will exercise its discretion under Rules 16(b)(4) and 15(a) to allow those claims.

Accordingly, the Court grants claimant's motion for leave to file an amended claim. Plaintiff's motion to strike claimant's operative claim is denied as moot without prejudice. The parties are free to conduct additional discovery relating to the VAC, including regarding the tracing of funds from claimant's wife's account to the defendant assets, as requested by claimant's counsel in the April 10, 2023 hearing. Following appropriate discovery, plaintiff may file a renewed motion to strike claimant's VAC.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** claimant's motion for leave to file an amended claim and **DENIES AS MOOT** plaintiff's motion to strike **WITHOUT PREJUDICE.** The parties shall meet and confer regarding the discovery they propose to take prior to plaintiff filing a renewed motion to strike and shall submit their discovery proposal to the Court within seven (7) days of the date of this order.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |